```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              JACKSON DIVISION
```

**MAYOR ZACHARY PATTERSON**                                            **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:09-cv-438-WHB-LRA**

**SELECTMAN DANNY ESCH, ET AL.**                                 **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on Plaintiff's Response to Order to Show Cause ("Response"). Through the subject Response, Plaintiff requests reconsideration of his motion for a temporary restraining order, and requests that a three-judge court be empaneled to consider his motion for a preliminary injunction under the Voting Rights Act of 1965. Having considered the Response, the underlying Complaint, as well as supporting and opposing authorities, the Court finds that Plaintiff's motion for temporary restraining order and/or preliminary injunction, and his request for a three-judge court should be denied.

### I. Factual Background and Procedural History

Plaintiff, Zachary Patterson ("Patterson"), is the mayor of the City of McComb, Mississippi ("McComb"). On or about June 9, 2009, the Selectman of that city approved amendments to the Code of Ordinances of the City of McComb, which were expected to take

effect on July 28, 2009. According to Patterson, the subject amendments:

> Strip the office of mayor of authority and supervision over the officers of the City, strip the office of mayor of the authority and responsibility to see that all laws, ordinances and resolutions are enforced, strip the office of mayor of the authority and power to execute all contracts for and on behalf of the City, strip the office of mayor of the authority and power to suspend all delinquent officers or agents of the city government who are appointed by the Board of Mayor and Selectman, and deny the office of mayor its power and authority to employ a substitute officer or agent until the Board of Mayor and Selectman acts to replace the officer.

Compl. at 2 (alterations in original). Again, according to Patterson, the "drastic changes in the power and authority of the office of mayor constitute a change in the nature and form and structure of city government" and, therefore, "constitute a change in the practice, procedure or standards with respect to voting within the meaning of Section 5 of the Voting Rights Act." Id. at 2-3.

On July 24, 2009, Patterson filed a Complaint in this Court arising, in part, from the subject amendments to the Code of Ordinances of the City of McComb. Through his Complaint, Patterson seeks, *inter alia*, a declaration that the unprecleared amendments violate Section 5 of the Voting Rights Act, and an injunction barring the implementation of the unprecleared amendments until Section 5 preclearance in obtained. Id. at 26-27.

On July 27, 2009, Patterson filed a Motion for Temporary Restraining Order or, in the alternative, Preliminary Injunction.

2

See Docket No. 3. In support of his Motion, Patterson argues:

> The plaintiff, and the citizens of McComb will suffer immediate and irreparable injury if defendants are not immediately restrained from enacting certain amendments to [the] city ordinances as approved, and without preclearance.
>
> Plaintiff has no adequate remedy at law where defendants remove the legal authority of the mayor to carry out the duties of office for which he was elected; and violate the Voting Rights Act of 1965 by changing the structure of city government without preclearance.
>
> There is substantial likelihood that plaintiff will prevail on the merits in that the ordinances were amended in violation of law.
>
> ....
>
> Issuance of a temporary restraining order is in the public interest because it maintains the status quo until the proposed amendments are reviewed pursuant to the Voting Rights Act.

Id. at ¶¶ 4-6 and 8. On July 28, 2009, the Court entered an Order denying Patterson's motion to the extent it sought a temporary restraining order on the grounds that not all of the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure had been satisfied. See Order [Docket No. 4], at 2-3. By that same Order, Patterson's motion for preliminary injunction was held in abeyance, and he was granted additional time in which to show cause as to the reason he had not requested a three-judge court (as required under 28 U.S.C. § 2284) to consider his Voting Rights Act claim. Id. at 3. Patterson filed his Response to the Order on July 29, 2009. In his Response, Patterson requests reconsideration of his motion for a temporary restraining order, and requests that a three-judge

court be empaneled to consider his motion for a preliminary injunction under the Voting Rights Act of 1965. See Docket No. 6.

## II. Discussion

Under Section 5 of the Voting Rights Act, codified at 42 U.S.C. § 1973c, a jurisdiction that is covered by the Act must "obtain either judicial or administrative preclearance before enforcing any new 'voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting.'" Presley v. Etowah County Comm'n, 502 U.S. 491, 494 (1992)(quoting 42 U.S.C. § 1973c). With regard to Section 5, the United States Supreme Court has held that that Act applies in cases in which the underlying change pertains to voting. See id. at 502-03 (citations omitted). Thus, for example, the Supreme Court has held that Section 5 applies when the underlying changes "involve[] the manner of voting", "involve candidacy requirements and qualifications", "concern[] changes in the composition of the electorate that may vote for candidates for a given office", and "affect[] the creation or abolition of an elective office". Id. (citations omitted). Importantly, however, "[c]hanges which affect only the distribution of power among officials are not subject to § 5 because such changes have no direct relation to, or impact on, voting." Id. at 506.

4

In the case *sub judice*, Patterson argues that the amendments enacted to the Code of Ordinances of the City of McComb are "drastic changes in the power and authority of the office of mayor [that] constitute a change in the nature and form and structure of city government." Compl., at 2. The Court finds that as the subject amendments "affect only the distribution of power" among the officials of the City of McComb, and do not have a "direct relation to voting and the election process", they are not subject to Section 5 of the Voting Rights Act. As such, the Court finds that Patterson's Voting Right Act claim is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court additionally finds that as there is no likelihood that Patterson could succeed on the merits of his Voting Rights Act claim, his request for injunctive relief under that statute[1] and his request to empanel a three-judge court should be denied.

The Court is aware, however, that while it may dismiss a claim *sua sponte* under Rule 12(b)(6), it may do so only "as long as the procedure employed is fair." Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006)(citations omitted). "Fairness" in this circuit requires "both notice of the court's intention [to dismiss] and an opportunity to respond." Id. (citations omitted).

---

[1] The Court offers no opinion as to whether Patterson would be entitled to a preliminary injunction in the event he files a motion seeking such relief based on the other claims he has alleged in his Complaint.

5

Accordingly, Patterson is hereby given notice that the Court will *sua sponte* dismiss his Voting Rights Act claim unless he shows cause, on or before August 14, 2009, that the claim should not be dismissed.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order or, in the alternative, Preliminary Injunction [Docket No. 3] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's request for a three-judge court to consider his Voting Rights Act claim is hereby denied.

IT IS FURTHER ORDERED that Plaintiff shall, on or before August 14, 2009, show cause as to the reason his Voting Rights Act claim should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the event Plaintiff does not show cause on or before August 14, 2009, his Voting Rights Act claim shall be dismissed *sua sponte* and without further notice to him.

SO ORDERED this the 5th day of August, 2009.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE